**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. _____**

Seeov Electronic Ltd.,

Plaintiff,

v.

The Partnerships, Unincorporated Associations Identified
on Schedule A,

Defendants.

_____ /

## COMPLAINT

Plaintiff Seeov Electronic Ltd. ("Plaintiff" or "Seeov"), hereby brings the present action

against the Partnerships and Unincorporated Associations Identified on Schedule A attached hereto

(collectively, "Defendants") and alleges as follows:

## INTRODUCTION

1.      This is an action for design patent infringement against e-commerce store operators

who, without authorization, make, use, offer for sale, sell, or import into the United States products

that infringe Plaintiff's design patent, titled "Charging Cable," U.S. Patent No. D1,132,884

(the "D'884 Patent"). The D'884 Patent is valid, subsisting, and in full force and effect. Plaintiff

is the owner and lawful assignee of all right, title, and interest in and to the D'884 Patent, which

was duly and legally issued by the United States Patent and Trademark Office. A true and correct

copy of the D'884 Patent is attached hereto as **Exhibit 1**.

2.      Without authorization from Plaintiff, Defendants make, use, offer for sale, sell, and

import into the United States products embodying the design claimed in the D'884 Patent.

Defendants sell these infringing products to consumers throughout the United States through

numerous e-commerce stores operating under the Seller Aliases identified on Schedule A, while

1

concealing their identities and the scope of their operations to avoid liability. Defendants offer the same infringing product, and their stores share common product images, listing text, and storefront features indicating that the products originate from a common source. Plaintiff's right to relief against each Defendant therefore arises out of the same series of transactions or occurrences involving the same accused product, and presents questions of fact common to all Defendants.

3.      Plaintiff is forced to file this action to combat Defendants' infringement. Plaintiff has been and continues to be irreparably damaged from the loss of its right to exclude, and, therefore, seeks injunctive and monetary relief.

### JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction over the patent infringement claim arising under the patent laws of the United States pursuant to 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

5.      This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Florida, through their fully interactive e-commerce stores operating under the seller aliases ("Seller Aliases") identified on attached **Schedule A**.

6.      Upon information and belief, Defendants systematically direct and target their business activities at consumers in the United States, including consumers in Florida and in this Judicial District. Defendants do so through one or more online marketplace accounts, including accounts on AliExpress, Amazon, eBay, Temu, and Walmart, as well as accounts on other marketplace platforms not yet discovered ("Defendants' online stores"). Through Defendants' online stores, consumers in this Judicial District can view Defendants' listings for infringing products, communicate with Defendants about those listings, place orders, receive invoices, and

purchase the infringing products for delivery in Florida. Through their online stores, Defendants establish regular business with the United States, including Florida and this Judicial District.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendants have committed patent infringement in this Judicial District and do substantial business in the Judicial District.

## THE PARTIES

**Plaintiff**

8. Plaintiff is a limited liability company organized under the laws of the People's Republic of China, with its principal place of business in Shenzhen, China.

9. Plaintiff has been engaged in the design, distribution, licensing and sale of charging cables used to power and connect consumers' everyday electronic devices. The cables link phones, tablets, headphones, and other portable electronics to power sources at home, in the car, and while traveling. This is especially beneficial for commuters, travelers, and consumers who depend on their devices throughout the day.

10. Plaintiff has devoted significant time and resources to designing the charging cables. The claimed design of the D'884 Patent not only boasts aesthetic appeal but has also gained popularity and recognition among consumers. The distinctive appearance claimed in the D'884 Patent is the product of Plaintiff's innovative approach to design and has established Plaintiff as a leader in the market for advanced charging accessories.

11. Plaintiff is the lawful owner of all right, title, and interest in and to the D'884 Patent, which was issued on July 7, 2026. Genuine products embodying the design claimed in the D'884 Patent are distributed and sold to consumers throughout the United States, including in Florida, by authorized sellers, including through online platforms such as AliExpress, Amazon, eBay, Temu, and Walmart.

**The D'884 patent**



**Defendants**

12.     Defendants are individuals and business entities identified on the attached Schedule A, who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff. On information and belief, Defendants reside and operate in the People's Republic of China. [1] Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

13.     On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed on Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to discover Defendants' true identities and the exact network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

**Defendants' Unlawful Conduct**

14.     The commercial success of Plaintiff's charging cable design has resulted in significant infringement. Plaintiff has identified numerous e-commerce stores offering products that infringe the D'884 Patent on online marketplace platforms such as Amazon, AliExpress, eBay, Walmart, Etsy, and Temu, including the e-commerce stores operating under the Seller Aliases

---

[1]     According to a U.S. Customs and Border Protection (CBP) report, in 2025, from Fiscal Year (FY) 2021 to FY 2025, the total number of goods seized for intellectual property rights violations has more than doubled, with the estimated manufacturer's suggested retail price of that merchandise over $7.4 billion. *Intellectual Property Rights Seizure Statistics, Fiscal Year 2025*, U.S. Customs and Border Protection (attached hereto as **Exhibit 2**). China and Hong Kong have consistently been among the top countries for IPR seizures. In FY 2025, seizures from China and Hong Kong accounted for approximately 67% of the total quantity of violative merchandise seized. *Id*.

Third-party service providers like those used by Defendants do not adequately verify or confirm the identities of new sellers, which allows sellers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." *See* Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L.&BUS. 157, 186 (2020) (attached hereto as **Exhibit 3**). Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." *Id*. at 186-187. These enforcement realities inform the scope of relief necessary to prevent Defendants' continued infringement and to prevent circumvention of any order entered by this Court.

identified in Schedule A. These Seller Aliases target consumers throughout the United States, including Florida and this Judicial District.

15.     Plaintiff has never licensed or otherwise authorized any Defendant to make, use, offer to sell, sell, or import into the United States any product embodying the design claimed in the D'884 Patent. On information and belief, Defendants have knowingly and willfully infringed and continue to infringe the D'884 Patent by engaging in one or more of those unauthorized acts.

16.     Through Defendants' online stores, Defendants target consumers throughout the United States, including consumers in Florida and this Judicial District. The stores offer shipping to Florida, display prices and accept payment in U.S. dollars, and accept payment through credit cards, Alipay, Amazon Pay, PayPal, and other payment methods available to U.S. consumers. On information and belief, Defendants have sold and shipped infringing products to consumers in Florida.

17.     Each Defendant offers for sale the same infringing product. The products offered by Defendants are identical to one another in overall shape, configuration, proportions, and ornamental features. Each is also substantially the same as the design claimed in the D'884 Patent, such that an ordinary observer, giving such attention as a purchaser ordinarily gives, would find the accused design substantially the same as the claimed design.

18.     On information and belief, the infringing products offered by Defendants originate from a common manufacturer or supplier. Defendants' online stores use identical or substantially similar product images, listing text, and keywords; and comparable pricing. The infringing products also display the same distinctive manufacturing irregularities and packaging. These shared characteristics support an inference of common sourcing and coordination.

19.     Accordingly, Plaintiff's right to relief against each Defendant arises out of the same series of transactions or occurrences involving the same accused product, and Plaintiff's claims present common questions of fact, including whether the infringing products infringe the D'884 Patent and whether Defendants obtained them from a common source.

20.     On information and belief, Defendants operate multiple e-commerce stores under multiple Seller Aliases and create or acquire replacement aliases after a store is disabled or becomes the subject of enforcement action. Defendants provide false or incomplete identifying information when registering their stores, which impedes Plaintiff's ability to identify the operators and the full scope of their operations. Further, Defendants use multiple payment accounts and transfer sales proceeds to accounts outside the United States to conceal assets and frustrate enforcement of any judgment or order entered by this Court.

21.     Defendants' infringement has caused and, unless enjoined, will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law.

### COUNT I - DESIGN PATENT INFRINGEMENT (35 U.S.C. § 271)

22.     Plaintiff repleads and incorporates by reference paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23.     Without authority from Plaintiff, Defendants have made, used, sold, offered for sale, and imported into the United States the infringing products, in violation of 35 U.S.C. § 271(a).

24.     To an ordinary observer, the design of the infringing products is substantially the same as the design claimed in the D'884 Patent. For example, the images below compare the figures of the D'884 Patent with an infringing product offered for sale in one of Defendants' online stores. A side-by-side comparison of the figures of the D'884 Patent and the infringing product offered for sale by Defendants is shown in a table below.

| The D'884 patent | Infringing Products |
|---|---|



25. Defendants' infringement has been and continues to be willful, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284.

26. Defendants have infringed the D'884 Patent through the acts described above and will continue to do so unless enjoined by this Court. Defendants' conduct has caused and continues to cause Plaintiff irreparable harm, including loss of Plaintiff's right to exclude others from making, using, selling, offering for sale, and importing the patented design, for which there is no adequate remedy at law.

27. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

28. Plaintiff is entitled to recover damages adequate to compensate for the infringement pursuant to 35 U.S.C. § 284, or, at Plaintiff's election, Defendants' total profits from sales of the infringing products pursuant to 35 U.S.C. § 289.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the infringing products;

   b. aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the infringing products; and

   c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as AliExpress, Amazon, eBay, Walmart, Etsy and Temu shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the infringing products;

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of the D'884 patent, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

4) That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of Plaintiff's D'884 Patents be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

5) That Plaintiff be awarded all profits realized by Defendants from Defendants' infringement of the D'884 patent, pursuant to 35 U.S.C. § 289;

6) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

7) Award any and all other relief that this Court deems just and proper.

August 6, 2026.                                    Respectfully submitted,

                                                   /s/ Andrew Palmer
                                                   Andrew J. Palmer
                                                   Palmer Law Group, P.A.
                                                   110 East Broward Blvd, Suite 1700
                                                   Fort Lauderdale, FL 33301
                                                   Phone: 954-771-7050
                                                   ajpalmer@palmerlawgroup.com
                                                   *Attorney for Plaintiff*

**Schedule A Defendants**

| Def. # | Seller Aliases | Defendants' Store URLs |
|---|---|---|
| 1 | AIKISMU DIRECT | amazon.com/sp?seller=AXEB2MCLTOI46 |
| 2 | holan(US) | amazon.com/sp?seller=A2GDIFSPTTJYIR |
| 3 | FANTIA | amazon.com/sp?seller=A22SW6I6DP7RHA |
| 4 | UNITOP | amazon.com/sp?seller=A6M3NRMXO2XA9 |
| 5 | TTL-fushi | amazon.com/sp?seller=A20YL0W5G4R8GC |
| 6 | ZuheX | amazon.com/sp?seller=A27VWJ7Q5HV6X8 |
| 7 | FENGHERILIHONGKONG | amazon.com/sp?seller=A36TONIM1YLN79 |
| 8 | xiuzhiXIU | amazon.com/sp?seller=A2KSE23SOMB6EN |
| 9 | dejsqiusq | amazon.com/sp?seller=A1LC6D6OMKW77S |
| 10 | YIGSECU | walmart.com/global/seller/101659901 |
| 11 | Yicong Electronic | walmart.com/global/seller/102863651 |
| 12 | Luminaqubo | walmart.com/global/seller/102731691 |
| 13 | Sezillao Co . ,Ltd | walmart.com/global/seller/103104217 |
| 14 | yoyo66 | walmart.com/global/seller/102897050 |
| 15 | Papolor Co., Ltd. | walmart.com/global/seller/102895284 |
| 16 | Songyuehao | walmart.com/global/seller/102948197 |
| 17 | nana1990 | walmart.com/global/seller/102905568 |
| 18 | wanjunshop | walmart.com/global/seller/102891162 |
| 19 | Yammee Co., Ltd | walmart.com/global/seller/102779897 |
| 20 | Venjar | walmart.com/global/seller/103144191 |
| 21 | OuLiPu | walmart.com/global/seller/101576074 |
| 22 | Bluxpant Co., Ltd | walmart.com/global/seller/102671553 |
| 23 | HuangHao Co. Ltd | walmart.com/global/seller/103108152 |
| 24 | RONGYOUDA | walmart.com/global/seller/101653594 |
| 25 | Vollux | walmart.com/global/seller/102854464 |
| 26 | hlooo | walmart.com/global/seller/103132351 |
| 27 | Oasiva Co., Ltd | walmart.com/global/seller/101639622 |
| 28 | Noliter Co., Ltd. | walmart.com/global/seller/102731526 |
| 29 | Youthyao | walmart.com/global/seller/103110400 |
| 30 | mangosteen | walmart.com/global/seller/103150713 |
| 31 | Jesscasday | walmart.com/global/seller/102697485 |
| 32 | NANMELX Co., Ltd | walmart.com/global/seller/102884932 |
| 33 | FreshAirGear | walmart.com/global/seller/103122916 |
| 34 | Sunny Coer | walmart.com/global/seller/103111695 |
| 35 | SHENRONG | walmart.com/global/seller/103107480 |
| 36 | bomao Co.,Ltd | walmart.com/global/seller/102697629 |
| 37 | Elowen | walmart.com/global/seller/103131003 |

| 38 | ZIqidl888 | walmart.com/global/seller/103123727 |
|----|-----------|-------------------------------------|
| 39 | CIYISON Co., Ltd | walmart.com/global/seller/101612626 |
| 40 | HOOYVLIN Co. , Ltd | walmart.com/global/seller/103143436 |
| 41 | instrument | walmart.com/global/seller/103203112 |
| 42 | Juledian | walmart.com/global/seller/103150823 |
| 43 | YBXGOLD | walmart.com/global/seller/103201902 |
| 44 | dededing | walmart.com/global/seller/103156163 |
| 45 | YunSiYing Co., Ltd | walmart.com/global/seller/102657119 |
| 46 | Jindis | walmart.com/global/seller/101482838 |
| 47 | killy ZI | walmart.com/global/seller/103161109 |
| 48 | ijmeer | walmart.com/global/seller/103140449 |
| 49 | meander | walmart.com/global/seller/103118044 |
| 50 | Yeswillos | walmart.com/global/seller/103205828 |
| 51 | FitGlow | walmart.com/global/seller/101643898 |
| 52 | Farvon | walmart.com/global/seller/103148717 |
| 53 | formothion | walmart.com/global/seller/103146084 |
| 54 | YUFENG CULTURE Co.Ltd | walmart.com/global/seller/103152146 |
| 55 | KELVIX Co . ,Ltd | walmart.com/global/seller/103146242 |
| 56 | Yu GG Alleyl World | temu.com/--m-634418222280557.html |
| 57 | Trendycool Digital | temu.com/--m-634418227018246.html |
| 58 | AA Grass | temu.com/--m-63441822087450.html |
| 59 | Mi Guo | temu.com/--m-634418220873114.html |
| 60 | MottoYing | temu.com/--m-634418218857647.html |
| 61 | Electrical Home sm | temu.com/--m-634418229929532.html |
| 62 | NNBILI Speciality Stores Store | aliexpress.com/store/1103714193 |
| 63 | Alibaba Choice Store | aliexpress.com/store/1103203919 |
| 64 | LWLYBH 3C Store | aliexpress.com/store/1105061665 |
| 65 | AC Digital Store | aliexpress.com/store/1103261222 |
| 66 | QCMAX Global Supply Chain Store Store | aliexpress.com/store/1104698006 |
| 67 | 3C Globel Store | aliexpress.com/store/1103213230 |
| 68 | Ali 3C Digital Store | aliexpress.com/store/1104105776 |
| 69 | keai Phone Accessories Store | aliexpress.com/store/1101547990 |
| 70 | Ali Global Digital Store | aliexpress.com/store/1104203325 |
| 71 | Shop1105312641 Store | aliexpress.com/store/1105321611 |